UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **MARY MATHIS** | **CIVIL ACTION NO. 6:11-cv-1528 (Lead)** |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **HAROLD D. REGISTER, JR. ET AL.** | **MAGISTRATE JUDGE HANNA** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Mary Mathis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 18, 2011. Plaintiff is a pre-trial detainee in the custody of the Lafayette Parish Sheriff; she is incarcerated at the Lafayette Parish Corrections Center (LPCC) awaiting trial on various felony charges pending in the Fifteenth Judicial District Court. Plaintiff sues her court-appointed public defender, Harold D. Register, Jr., his supervisor, Paul Marx, the head of the Lafayette Parish Public Defenders Office, and William T. Babin, the Assistant District Attorney assigned to prosecute her case. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** in accordance with the provisions of 28 U.S.C. §1915.

*Background*

*1. Original Complaint [Doc. 1]*

On August 18, 2011, plaintiff and another LPCC detainee, Debra Hewitt, filed a *pro se* pleading entitled, "Petition in a Class Action Lawsuit in Discrimination of Indigent Defenders (42 U.S.C.A. 1983) – Article 463..." According to this hand-written pleading, Public Defender Harold

Register was appointed to represent plaintiff and Ms. Hewitt in the summer of 2010. According to the pleading, "[b]oth plaintiffs terminated Mr. Register back in the year of 2010 for violation of their equal protection rights under the law [because] he failed to function as counsel guarantee[d] by the Sixth Amendment." Both also accused Register of "intentionally misrepresenting indigent defenders [sic] by disregarding evidence of facts in their cases and he didn't move to quash any bills..." They also implied that he intentionally deprived both plaintiff and Hewitt of a speedy, legal, and fair trial and deprived both of their right to represent themselves by failing to withdraw as counsel of record.

Plaintiff accused Register of disregarding her rights and failing to protect her from cruel and unusual punishment. She complained that he failed to seek the recusal of Judge Edwards, the judge of the Fifteenth Judicial District Court who is apparently presiding over plaintiff's criminal prosecution. She complained that Register failed to seek a preliminary hearing to challenge her unlawful arrest and custody. She complained that he claimed to be prepared for trial when in fact he was not. She claimed that Register has retaliated against her because she filed a complaint against him with the Bar Association. She complained that Register has neglected his duties toward his indigent clients and ignored their requests, and failed to discuss their cases or visit them in jail.

Plaintiff implied that she is entitled to compensatory and punitive damages of $200,000 or $500,000 against Mr. Register and the other defendants because she has suffered cruel and unusual punishment and the deprivation of life, property, and liberty without due process of law.

## 2. Amended Complaint [Doc. 4]

On August 24, 2011 plaintiff was directed to amend her complaint and to use the form provided for Section 1983 complaints in accordance with Local Rule 3.2 of the United States District Court for the Western District of Louisiana. [Doc. 3] On September 7, 2011 plaintiff complied with

the order and submitted her complaint on the proper form. Plaintiff again identified the following defendants – Harold Register, Paul Marx, and Assistant District Attorney Babin.

She alleged that Register has not visited her in jail and has only spoken to her on one occasion. She complained that he failed to challenge her unlawful arrest or bond forfeiture. She complained that Register was influenced by the judge and prosecutor and failed to withdraw from her case as she requested.

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit filed pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C. §1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). Pre-trial detainees are considered "prisoners." 28 U.S.C. §1915(h).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). Nevertheless, in order to be afforded the benefits of this assumption a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no

more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff filed an original complaint and an amended complaint utilizing the appropriate form. Read liberally, she complains about the effectiveness of her court-appointed counsel and she implies that the remaining defendants have somehow acted in concert with him to deprive her of a speedy trial, her release from custody, and her right to represent herself with regard to the pending criminal charges. She apparently seeks only money damages.

### 2. State Actors – Defendants Register and Marx

To prevail on a civil rights claim a litigant must prove that she was deprived, by one acting under color of law, of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir.1995). The "under color of law" requirement, means that the defendants in a §1983 action must have committed the

complained-of acts in the course of their performance of duties, and have misused power that they possessed by virtue of state law and made possible only because they were "clothed" with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944)(plurality opinion). In other words, only "state actors" – officials acting under color of state law – may be sued pursuant to Section 1983.

Private attorneys, including public defenders, are not state actors within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981). Plaintiff alleges that Mr. Register, his court-appointed attorney, and Mr. Marx, his supervisor, violated her civil rights by failing to properly assist her as counsel with regard to the defense of the felony charges pending in the Fifteenth Judicial District Court. Her only allegations of constitutional violations against these public defenders arise out of Mr. Register's representation of her in these pending criminal charges. Plaintiff has not shown that her attorney or his supervisor were state actors or that they were acting "under color of law" at the time they allegedly violated plaintiff's rights. Plaintiff's civil rights claims against her defense attorney and his supervisor should be dismissed as frivolous and for failing to state a claim for which relief might be granted.

*3. Prosecutorial Immunity – A.D.A. Babin*

Assistant District Attorney Babin is a "state actor," however, plaintiff's claims against him are still subject to dismissal pursuant to 28 U.S.C. §§1915(e)(2)(B)(iii) and 1915A(b)(2). Prosecutors enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case. *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir.1993). As the Supreme court reaffirmed: "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the

State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial ...." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993).

Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Graves*, 1 F.3d at 318. This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony. *Id.* at 318 n. 9; see also *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir.1991) (concluding that state prosecutors were absolutely immune from a § 1983 action predicated on malicious prosecution), *cert. denied*, 504 U.S. 965, 112 S.Ct. 2323, 119 L.Ed.2d 241 (1992); *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir.1986) (*en banc*) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.")

Plaintiff has not alleged specific fault on the part of Assistant District Attorney Babin. She implies that he deprived her of due process. Plaintiff alleged no facts that would destroy his absolute prosecutorial immunity, and plaintiff's claims against the prosecutor should also be dismissed with prejudice.

*Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaints be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and for seeking damages from defendants who are immune from suit in accordance with the provisions of

28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana October 14, 2011.

_____
PA
UNITED STATES MAGISTRATE JUDGE